METROPOLITAN LIFE INSURANCE COMPANY, APPELLANT, v. PATRICK J. RYAN and REGINA RYAN, HIS WIFE, RESPONDENTS.—172 S. W. (2d) 269.

St. Louis Court of Appeals. Opinion filed June 8, 1943.

Appellant's Motion for Rehearing denied June 25, 1943.

466

*Fordyce, White, Mayne, Williams & Hartman* and *R. E. LaDriere* for appellant.

*Harry Coles Bates* of counsel.

*James E. Crowe* for respondents.

SUTTON, C.—This is an action, commenced on November 22, 1941, to cancel a policy of life and disability insurance issued to Patrick J. Ryan on December 4, 1939. Regina Ryan is the wife of Patrick J. Ryan and was named in the policy as beneficiary of the life insurance. James E. Crowe was appointed by the court as guardian *ad litem* for Patrick J. Ryan.

In the application upon which the policy was issued the insured stated that his state of health was good and that his last sickness was a common cold; that he had no physical or mental defect or infirmity and had never had syphilis or spinal disease.

Plaintiff charges that these statements were false and were falsely and fraudulently made, and by reason thereof seeks cancellation of the policy.

The trial resulted in a judgment for defendants, and plaintiff appeals.

The policy insures the life of Patrick J. Ryan in the sum of $1800, payable in thirty-six monthly installments of $50 each, upon receipt of due proof of the death of the insured. It provides that the right on the part of the insured to change the beneficiary is reserved. It further provides that "upon receipt by the company at its home office in the City of New York of due proof in writing that the insured has become totally and permanently disabled as here defined and under the conditions and provisions herein stipulated, it will waive the payment of each premium becoming due under the policy during the continuance of such disability."

Proof of disability, consisting of three papers, was made out and forwarded to the company at its home office, and was received by the

company at its home office on October 27, 1941. It appears that these papers were forwarded to the company by defendant Regina Ryan. The papers consisted of questions and answers made out upon printed blanks furnished by the company. One of these papers is a statement purporting to have been made and signed by the insured, Patrick J. Ryan. It was, however, in fact made out by defendant Regina Ryan, who signed the insured's name to it. There is nothing in this statement tending to prove the charges of fraud made against the insured by the plaintiff. The statement is dated October 22, 1941. Another paper designated as the attending physician's certificate was made out and signed by Dr. S. H. Pranger. This paper is dated October 17, 1941. Another paper also designated as the attending physician's certificate was made out and signed by Dr. Emmett L. Hoctor. This paper is dated October 16, 1941.

Dr. Pranger in his certificate stated that he was first consulted by the insured on July 11, 1939; that his last treatment was on March 20, 1941; that the cause of the disability was syphilis, cerebral and spinal; that his diagnosis as finally made was paresis due to syphilis; that the symptoms he observed during his attendance were mental aberrations; that the prognosis was favorable; that the date of the onset of the illness was July, 1939; that the insured had been totally disabled since March 1, 1941.

Dr. Hoctor, who was superintendent of the State Hospital at Farmington, in his certificate stated that he was first consulted by the insured on March 25, 1941; that he had been treating the patient daily since March 25, 1941; that the cause of insured's disability was general paresis; that the onset of insured's illness was approximately on March 25, 1941; that the patient's condition has shown recent moderate improvement; that he has been continuously confined in the State Hospital at Farmington; that he has been totally disabled since March 25, 1941.

These papers were offered in evidence by plaintiff but were excluded by the court on objection of the defendants.

Upon an inquisition held in the County Court of St. Louis County, on March 19, 1941, the insured was adjudged insane and a fit subject to be sent to the State Hospital at Farmington, and was ordered committed to said hospital. Mr. Hartwell Crain was appointed as attorney to represent the insured at the hearing. The inquisition was based upon the affidavit of defendant Regina Ryan. Dr. Pranger was produced as a witness and testified at the hearing without objection with respect to his treatment of the insured and what his condition was.

Dr. Pranger was produced as a witness by plaintiff at the trial of the present case and plaintiff offered to prove by him that the insured came to him for treatment on July 11, 1939; that the doctor made tests at that time from which he found that the insured had syphilis and he informed him of it; that he continued to treat the

insured until he was committed to the hospital at Farmington; that in March, 1941, this syphilitic condition developed into paresis. On objection of the defendants the doctor was not permitted to testify.

Plaintiff company assigns error here for the exclusion of the physicians' certificates forwarded to the company as a part of the proofs of disability.

Ordinarily statements of a physician furnished by the beneficiary as a part of the proofs of death or furnished by the insured as a part of the proofs of disability are admissible in evidence as admissions. Such statements cannot be excluded on the ground of privilege arising from the confidential relation existing between the physician and his patient. [Fitzgerald v. Metropolitan Life Ins. Co. (Mo. App.), 149 S. W. (2d) 389, l. c. 391.]

In the present case the statements of the physicians were furnished as part of the proofs of the insured's disability. They were made and furnished by the insured's wife. He did not authorize the making of the proofs and knew nothing of them. He was at the time insane and confined in the state hospital for treatment, and on account of his condition was incapacitated to authorize proofs to be made. We are unable to see why statements made in the proofs furnished by his wife could be regarded as admissible in evidence as admissions on his part. Of course, they constitute admissions on the part of the wife, who is the beneficiary named in the policy, but admissions on her part afford no basis for a cancellation of the policy. She has no vested interest in the insurance, but only an expectancy. [Fendler v. Roy, 331 Mo. 1083, 58 S. W. (2d) 459, l. c. 464; Schlereth v. Neely (Mo. App.), 285 S. W. 168; Dunnavant v. Mountain States Life Ins. Co. (Mo. App.), 67 S. W. (2d) 785; New York Life Ins. Co. v. Wright, 229 Mo. App. 950, 88 S. W. (2d) 403.] Only evidence competent as against the insured will warrant a cancellation of the policy.

Plaintiff urges in argument that inasmuch as the insured has become insane and thus incapacitated to change the beneficiary the wife is now the sole person having any interest in the policy and her expectancy has become converted into a vested interest, so that admissions on her part are sufficient to constitute a basis for the cancellation of the policy. To this we are unable to agree. Notwithstanding the insured's insanity, we have to reckon with the possibility of his recovery and a change by him of the beneficiary. There is also a possibility that the death of the wife may occur prior to the death of the insured, in which event her expectancy would lapse and revert to the insured's estate. [Schlereth v. Neely (Mo. App.), 285 S. W. 168.]

It follows that the certificates of the physicians were properly excluded.

Plaintiff assigns error for the exclusion of the testimony of Dr. S. H. Pranger. His testimony was objected to and excluded on the

ground of privilege under section 1895, Revised Statutes 1939, which provides as follows:

"The following persons shall be incompetent to testify: . . . a physician or surgeon, concerning any information which he may have acquired from any patient while attending him in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or do any act for him as a surgeon."

Plaintiff does not question the privileged character of the excluded testimony, but insists that the privilege was waived by the insured in failing to object to the testimony at the inquisition in lunacy.

The statute is, of course, intended to inspire confidence in the patient and to encourage him to make full disclosure to the physician as to his symptoms and condition.

In Green v. Terminal Railroad Ass'n, 211 Mo. 18, 109 S. W. 715, the court, discussing this provision of the statute, said:

"It was intended to invite confidence between patient and physician and to prevent a breach of such confidence, and should be so construed as to further its life and purpose. It is obvious the language of the statute is of such sort that its interpretation and application are troublesome. But, because the task is difficult, shall it be made easy by ignoring it? or by applying the statute automatically to every case and all information? On the one hand, it might be so construed as to fritter away the provisions of the law. On the other hand, it might be so literally construed as to work great mischief in the administration of justice. The ultimate object of every judicial inquiry is to get at the truth. Therefore, no rule of law standing in the way of getting at the truth should be loosely or mechanically applied. The application of such law must be with discrimination so that it may have the legislative effect intended for it and yet the investigation of truth be not unnecessarily thwarted."

In Elliott v. Kansas City, 198 Mo. 593, 96 S. W. 1023, the court held that where a physician testifies in one trial of the same cause without objection his testimony concerning the same matters cannot be excluded upon a subsequent retrial of the cause.

See, also, to the same effect: Kane v. McMenamy, 307 Mo. 98, 270 S. W. 662; Imboden v. St. Louis Union Trust Co., 111 Mo. App. 220, 86 S. W. 263; Boydston v. Bank of Camden Point (Mo. App.), 141 S. W. (2d) 86; Yawitz v. Laughlin's Est. (Mo. App.), 68 S. W. (2d) 830; Oliver v. McFarland (Mo. App.), 282 S. W. 735; Jones v. Prudential Ins. Co., 173 Mo. App. 1, 155 S. W. 1106.

However, the doctrine as thus announced by our courts is not universally accepted. This appears from what is said in the discussion of the doctrine in 28 R. C. L. 523, as follows:

"Thus, it has been held that where a physician who has rendered professional services to the plaintiff in an action to recover for personal injuries has testified in two trials of the cause, without objection,

the privilege conferred by statute upon the plaintiff is waived, and it is error to exclude the testimony of the physician to substantially the same facts upon a third trial of the cause. According to other authorities, however, the waiver of a privileged communication at one trial does not preclude the assertion of the right to claim the communication as privileged at a subsequent trial. Still other courts take the position that the mere fact that testimony has been given at a former trial does not necessarily constitute a waiver which is irrevocable at a subsequent trial of the cause although under some circumstances it may be effectual to accomplish such a result. Thus, it has been held that failure at one trial to object to the introduction of testimony on the ground of privilege does not waive the right to make such objection on a subsequent trial of the same case, where the adversary has not been misled by the failure.''

It will be observed that none of the cases holds that a waiver in the trial of one cause will be extended to the trial of another and different cause.

Plaintiff relies on Kane v. McMenamy, 307 Mo. 98, 270 S. W. 662. That was a proceeding for the removal of the guardian of an insane person. The guardian was the ward's husband. The cause was tried in the probate court, whence it went on appeal to the circuit court. The guardian was produced as a witness at the trial of the cause in the circuit court. His testimony was objected to on the ground that he was incompetent because the wife was insane. He was permitted to testify that his wife before she became insane made him a gift of $24,000. It was held that he was competent to so testify because his incompetency had been waived. It was shown that the guardian had testified in a previous proceeding in the probate court. Whether he testified in the proceeding for the appointment of the guardian or in the proceeding for the removal of the guardian the opinion does not make quite clear, though it strongly indicates that he testified in the proceeding for his removal. However, the opinion shows that the circuit court ruled that the guardian's incompetency had been waived on the ground that the proceeding for the appointment of the guardian was a part of the proceeding for the removal of the guardian, and that the same parties in interest that were present and represented in the one proceeding were present and represented in the other. We have no such case before us here.

Moreover, in In re Benson, 16 N. Y. S. 111, it is held that the statute prohibiting a physician from disclosing any information which he acquired in attending a patient in a professional capacity, does not apply to an inquisition in lunacy. Of course, if the testimony of the physician is not privileged in such an inquisition, then allowing the physician to testify at the inquisition without objection is not a waiver of the privilege and does not prevent its being invoked in other proceedings.

Our statute, section 9335, Revised Statutes 1939, provides that the inquisition in lunacy shall be instituted in the county court upon the affidavit of some citizen residing within the county, and that he shall state in the affidavit that the facts alleged therein can be proved by at least two persons one of whom shall be a reputable physician.

Section 9339 provides that at least one of the witnesses examined at the hearing shall be a reputable physician.

Section 9339 provides that upon a finding by the court or a jury of the truth of the facts set forth in the affidavit the court shall cause a suitable order to be entered of record; that such order shall set forth that the person found to be insane is a fit subject to be sent to a state hospital to undergo treatment herein, and shall further require the medical witness forthwith to make out a detailed history of the case as provided by section 9332, which provides that there shall be sent to the hospital with each patient a detailed account of his or her case as far as practicable, stating the cause of his or her insanity, its duration, the former treatment of the patient, and all other particulars relating to the patient and his or her disease. Who could give the information required by these provisions of the statute but the patient's attending physician? The statute clearly implies that the attending physician shall not be incompetent to testify at the hearing.

We conclude that the admission of the testimony of Dr. Pranger in the insanity hearing did not constitute a waiver of his incompetency to testify in the present suit.

Other questions raised are necessarily ruled against plaintiff by what we have already said.

The judgment of the circuit court should be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed.

*Hughes, P. J.,* and *McCullen* and *Anderson, JJ.,* concur.

## ON MOTION FOR A REHEARING.

SUTTON, C.—Plaintiff, on motion for a rehearing, contends that our opinion is in conflict with Kirk v. Metropolitan Life Insurance Co., 336 Mo. 765, 81 S. W. (2d) 333, wherein the court had before it a suit brought by the administrator of the insured on an industrial policy, and it was held that proofs of death, furnished by another claimant under the facility of payment clause of the policy and adopted by the administrator in his petition, were binding upon the administrator. As to this contention it will suffice to say that in our case the insured's guardian *ad litem* has not adopted, but repudiates, the proofs furnished by the beneficiary.

Plaintiff further says that if our opinion is correct, and the proofs furnished by the beneficiary are not binding upon the insured, there

have been no proofs whatever furnished in his behalf, and that proofs are necessary to authorize the waiver of premiums. We are unable to see how this suggestion is pertinent. This is not a suit by the insured for disability benefits, nor by the beneficiary for the life insurance. It is a suit in equity by the insurer against the insured and the beneficiary to cancel the policy. Whether or not the insured is excused while insane from making proofs of disability resulting from his insanity is a question not now before us for decision.

The Commissioner recommends that plaintiff's motion for a rehearing be overruled.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. Plaintiff's motion for a rehearing is accordingly overruled.

*Hughes, P. J.,* and *McCullen* and *Anderson, JJ.,* concur.