STATE ex rel. Beverly A. HUSGEN,
Relator,

v.

Hon. Harry J. STUSSIE, Respondent.

No. 43448.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 24, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 15, 1981.

Application to Transfer Denied
July 15, 1981.

David L. Campbell, St. Louis, for relator.

David B. Freyman, Clayton, for respondent.

REINHARD, Judge.

This is an original proceeding in mandamus. The issue presented is whether a party in a dissolution of marriage proceeding, who seeks custody of the children, can utilize the statutory physician-patient privilege to block discovery of medical evidence relating to that party's present and past history of psychiatric treatment.

This proceeding in mandamus emanates from a dissolution of marriage proceeding involving the custody of three unemancipated minor children. The petitioner-wife in her petition for dissolution of marriage alleged that her husband had committed assault upon her and their children and she requested custody of the children. The husband in his answer denied any allegation of mistreatment, alleged that his conduct had been exemplary, and requested the custody and control of the minor children born of the marriage.

On August 11, 1980, the wife propounded certain interrogatories to the husband concerning his physical and mental health. Specifically, the interrogatories in question are:

2. State whether or not Respondent has ever received any form of care or treatment with regard to any type of mental, nervous, or emotional illness or disorder. If so:

(a) State the names and addresses of all doctors, physicians, psychoanalysts, psychiatrists, or other persons from whom Respondent has received any treatment or examination.

(b) State the dates of said treatments or examinations and describe the treatment rendered.

(c) State the names and addresses of all hospitals, clinics or other institutions in which Respondent was confined or at which Respondent received treatment or examination.

(d) Please sign the attached medical authorization and insert the names and addresses of the doctors or the person and/or hospitals or other institutions.

3. State whether or not Respondent has ever received any form of care or treatment concerning the excessive use of drugs or alcohol. If so:

(a) State the names and addresses of all doctors, physicians, psychoanalysts, psychiatrists, or other persons from whom Respondent has received any treatment or examination.

(b) State the dates of said treatments or examinations and describe the treatment rendered.

(c) State the names and addresses of all hospitals, clinics or other institutions in which Respondent was confined or at which Respondent received treatment or examination.

(d) Please sign the attached medical authorization and insert the names and addresses of the doctors or the person and/or hospitals or other institutions.

The husband objected to these specific interrogatories on the ground that they requested privileged information, discovery of which would violate the physician-patient privilege as expressed in § 491.060, RSMo 1978. The wife filed a motion to compel discovery stating that the husband, by his request for custody, placed his mental health in issue and thereby waived his right to invoke the physician-patient privilege. The defendant judge ordered that the husband's objections to the discovery would be sustained unless the wife obtained affirmative relief from the court of appeals directing otherwise.

Thereupon, petitioner-wife filed her petition for writ of mandamus. We issued a preliminary writ of mandamus and the defendant judge filed his return thereto.

The physician-patient privilege has never been recognized in England nor at common law in the United States. Missouri was the second state to establish this privilege by statute in 1835. Specifically, § 491.060, RSMo 1978, enunciating this privilege states:

The following persons shall be incompetent to testify:

(5) A physician or surgeon, concerning any information which he may have acquired from any patient while attending him in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or do any act for him as a surgeon.

 Applying this statute to the questioned interrogatories, it is clear that the first three subparts to each of the two interrogatories do not fall within the

defined privilege. These questions merely request from the husband the name of any doctor, and the time and place of any treatments received. They do not concern information resulting from discussion or observation by the physician nor is it information which is necessary in order for the physician to prescribe for the husband. The primary policy behind the statute is to encourage full and frank disclosures to the medical advisers. *Metropolitan Life Ins. Co. v. Ryan*, 237 Mo.App. 464, 172 S.W.2d 269, 272 (1943). The information requested here does not involve any disclosures made to the physician and thus the first three subparts of the two interrogatories do not violate either the statute or its underlying policy. *See Price v. Price*, 311 S.W.2d 341 (Mo.App.1958); *State v. Vardeman*, 422 S.W.2d 400 (Mo.App.1967).

The last subparts of each of the two interrogatories present a different question. These involve the signing of medical authorization forms which would allow the release of records concerning the husband's medical treatment. Clearly these records fall within the statutory privilege of § 491.-060, RSMo 1978. However, the history of this statute is that the privilege has never been held to be absolute. *Klinge v. Lutheran Medical Center of St. Louis*, 518 S.W.2d 157, 164 (Mo.App.1974). The privilege granted under the statute is personal and therefore may be waived by an individual. The question thus raised is whether the husband, by seeking custody of the children, has placed his mental health in issue such that he has waived his physician-patient privilege.

■ Since 1968, the following rule has developed with respect to the physician-patient privilege: Once a party places the matter of his physical or mental condition in issue under the pleadings then that party will be considered to have waived the privilege under § 491.060(5) with respect to the issue in question. *Klinge v. Lutheran Medical Center of St. Louis*, 518 S.W.2d 157, 165 (Mo.App.1974). Thus, Missouri courts have held that a party in a personal injury suit

waives his privilege when he alleges injuries arising out of the occurrence, *State ex rel. McNutt v. Keet*, 432 S.W.2d 597 (Mo. banc 1968), and that a defendant similarly waives his privilege by pleading insanity in a criminal action, *State v. Swinburne*, 324 S.W.2d 746, 750 (Mo. banc 1959), *citing State v. Cochran*, 356 Mo. 778, 203 S.W.2d 707, 711 (banc 1947). Wife in the present case argues that the husband has placed his mental health in issue by requesting custody of the children. Plaintiff relies on § 452.375, RSMo 1978 which specifically states that the mental and physical health of all individuals involved is one of the factors to be used in determining custody of the child. Thus, it is argued that by requesting custody the mental health of the parties is inherently brought into issue.

This question of waiver with respect to child custody in a dissolution of marriage case, although never addressed by a Missouri court, was considered by a Florida court in the case of *Roper v. Roper*, 336 So.2d 654 (Fla.App.1976) involving an analogous factual situation. The threshold question in that case was whether or not the wife, by seeking child custody in a suit for dissolution of marriage, introduced her mental condition as an element of her claim or defense so as to waive the psychiatrist-patient privilege for any relevant communication. The court in holding that the privilege could not be so waived stated:

> We recognize that in a child custody case the mental health of a parent may be a relevant issue. Where this issue is raised the trial court must maintain a proper balance, determining on the one hand the best interest of the child, and on the other maintaining confidentiality between a treating psychiatrist and his patient. The court in this case has an alternate tool which may accomplish both purposes. Upon proper motion the court may order a compulsory psychiatric examination.

*Id.* at 656–57. Thus, the *Roper* court held that the mere request of custody is not

sufficient to waive the physician-patient privilege.[1]

■ An examination of the facts and law involved in this case reveals that the approach taken by the Florida court is the proper one. By merely seeking custody, the husband has not made his mental health an element of his claim or defense. The psychiatrist-patient relationship involves a high degree of candor not existent in other relationships. This relationship would be seriously compromised if one waives such a privilege whenever, regardless of degree, mental health is a factor. This does not mean that such privilege cannot be waived in a child custody proceeding but there is no waiver here. Further, Missouri, like Florida, has provided for the mental examination of a party by order of the court. Rule 60.01. Therefore, an alternative is available by which a party's mental health may be examined.

Finally, the physician-patient privilege embodies the legislature's balancing of societal interests of confidentiality in furthering full disclosure thereby facilitating treatment and interests served by disclosure of such information in court. If a new balance is to be struck in child custody cases, this is the proper role for the legislature and not for this court.

Therefore, mandamus being the appropriate remedy in this situation, *see State ex rel. McNutt v. Keet*, 432 S.W.2d 597 (Mo. banc 1968), we make absolute the writ of mandamus with respect to interrogatories 2(a), 2(b), 2(c), 3(a), 3(b), 3(c), and quash the writ with respect to interrogatories 2(d) and 3(d).

CRIST, P. J., and SNYDER, J., concur.

---

1. *Contra, Baecher v. Baecher*, 58 App.Div.2d 821, 396 N.Y.S.2d 447 (1977).