David S. GOZENBACH, Plaintiff,

v.

The Honorable Herbert LASKY Judge of the Circuit Court of St. Louis County, Missouri, Defendant.

No. 45681.

Missouri Court of Appeals, Eastern District, Division One.

June 22, 1982.

Kortenhof & Ely, Ben Ely, Jr., John Keath, St. Louis, for plaintiff.

Hullverson, Hullverson & Frank, Inc., James E. Hullverson, Jr., St. Louis, for defendant.

CRANDALL, Judge.

Soledad Kaul brought suit against David Gozenbach for wrongful death of her son, Theodore Cervera, as a result of an automobile accident occurring on July 30, 1980. On or about February 5, 1981, plaintiff[1] filed additional interrogatories to defendant Gozenbach, attaching an order for production of documents and authorization for inspection:

2. State whether you were injured as a result of the occurrence, and if so, whether you were treated by any medical care provider or any medical care institution following the occurrence? If your answer is yes, identify each health care provider and each health care institution, giving the name and address of each.

3. If your answer to either the above two questions was yes, you are directed to sign the attached order for production of documents and things and inspection by adverse party.

The order and authorization attached provided:

**ORDER FOR PRODUCTION OF DOCUMENTS AND AUTHORIZATION FOR INSPECTION**

In accordance with Supreme Court Rule 58.01 you are hereby ordered and directed to produce any documents relating to my health, physical or mental condition for any time within one week after July 30, 1980, at which time I was involved in an automobile collision.

You are directed to produce this information only for Hullverson, Hullverson & Frank, Inc. and its representatives, and Hullverson & Frank is to be permitted to inspect and copy any of the records thus produced.

Attorneys for defendant filed their objections and motion to quash plaintiff's purported order for production of documents and authorization for inspection on the grounds that the requested information is overbroad and vague. Attorneys for defendant further objected on the grounds that the requested information violates the defendant's right against self-incrimination and that it falls within the physician-patient privilege.

After the trial judge indicated his intention to overrule these objections and the motion to quash, plaintiff applied to this court for a writ of prohibition. We denied a preliminary writ as to Interrogatory No. 2 and granted a preliminary writ as to Interrogatory No. 3 and the order for production of documents. We now make the preliminary writ absolute as to Interrogatory No. 3 and the request for production of documents.

In this original proceeding in prohibition we deem it proper to decide only the dispositive issue raised, which is whether the statutory physician-patient privilege prevents the discovery sought by Kaul absent waiver by Gozenbach. Section 491.060(5), RSMo 1978, states:

The following persons shall be incompetent to testify:

\*    \*    \*    \*    \*    \*

1. Rule 97.02 designates Gozenbach as plaintiff in this separate civil action and Judge Lasky as defendant. For the sake of clarity, we refer to the parties by their designation in the wrongful death action.

(5) A physician or surgeon, concerning any information which he may have acquired from any patient while attending him in a professional character, and which information was necessary to enable him to prescribe for such a patient as a physician, or do any act for him as a surgeon.

■ Applying this statute to the interrogatories and order for production of documents, it is clear that Interrogatory No. 2 does not fall within the defined privilege since it does not involve any disclosures by the health care provider. *State ex rel. Husgen v. Stussie,* 617 S.W.2d 414, 416 (Mo.App. 1981).

■ The hospital records sought by plaintiff are included in the statutory physician-patient privilege. *State ex rel. DeGraffenreid v. Keet,* 619 S.W.2d 873, 878 (Mo.App. 1981). Therefore the records are not discoverable absent waiver of the privilege by defendant Gozenbach. *Husgen,* 617 S.W.2d at 416; *DeGraffenreid,* 619 S.W.2d at 878. The record before us does not disclose any waiver, nor do the parties argue that there has been any waiver.

The physician-patient privilege did not exist at common law and was created by statute in Missouri in 1835.[2] The statute represents the legislative balancing of societal interests of confidentiality in furthering full disclosure thereby facilitating treatment and interests served by disclosure of such information in court. *Husgen,* 617 S.W.2d at 417.

Plaintiff argues that the privilege is in need of re-examination, citing numerous statutory exceptions to the privilege and scholarly criticisms of the privilege. If the statute is to be changed and a new balancing of interests is to evolve, it is a legislative rather than a judicial function.

The preliminary writ of prohibition heretofore granted is made absolute.

SNYDER, P.J., and SATZ, J., concur.

---

2. Witnesses, § 17, p. 623, RSMo 1835, provided that "[n]o person authorized to practice physic or surgery, shall be required or allowed to disclose any information which he may have acquired from any patient, while attending him in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or do any act for him as a surgeon."