**In re The ESTATE OF Theresa Ann MOORMANN.**

**Bernard J. MOORMANN, Respondent,**

v.

**Theresa Ann MOORMANN, Appellant.**

**No. 50098.**

Missouri Court of Appeals, Eastern District, Division One.

May 6, 1986.

Charles A. Sheehan, High Ridge, for appellant.

Ronald Parsons, Webster Groves, for respondent.

SNYDER, Judge.

Theresa Ann Moormann appeals from a judgment finding her totally disabled and partially incapacitated pursuant to § 475.-060 RSMo.1978 (Cum.Supp.1984), and appointing her brother Bernard J. Moormann the conservator of her estate. (All statutory references are to RSMo.1978 (Cum. Supp.1984).) The trial court found that appellant suffered from paranoia-schizophrenia and is unable to hold employment and provide for her own support on a continuing basis. The judgment is affirmed.

Appellant's counsel raises two issues on appeal: 1) the trial court erred in permitting appellant's treating psychiatrist, Dr. Luis Schwarz, to testify concerning appellant's medical condition because the testimony revealed privileged communications, and 2) the trial court erred in permitting Dr. Robert Knowles, another psychiatrist who examined appellant, to testify from information he obtained from Dr. Schwarz' records, the objection based again on the physician-patient privilege alleged to exist with regard to Dr. Schwarz' records.

Respondent has filed a motion to dismiss the appeal, asserting that this court should not take jurisdiction because the appeal is moot for lack of controversy, appellant having asked her attorney to dismiss it. The motion was taken with the case. The fact that appellant was adjudged totally disabled and partially incapacitated raises the issue of her competency even to dismiss the appeal. Respondent's motion to dismiss is denied.

Appellate review of the judgment in this court-tried case is governed by Rule 73.01 as interpreted in *Murphy v. Carron*, 536 S.W.2d 30, 32 [1–3] (Mo. banc 1976). The judgment must be affirmed unless it is not supported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law.

This action arose when Dr. Bernard J. Moormann, a dentist and appellant's brother, sought control of appellant's day-to-day and financial affairs pursuant to § 475.060 and § 475.061 because he believed appellant lacked the ability and capacity to care for herself.

The trial court ordered a mental examination of appellant by Dr. Knowles pursuant to § 475.075.4. Dr. Knowles examined appellant but in response to all of his questions she replied, "I prefer to remain silent," which she was instructed she could do pursuant to § 475.075.4(3).

Dr. Schwarz, the treating psychiatrist, testified that in his medical opinion appellant suffers from schizophrenia and that she is completely incapacitated and disabled. Dr. Schwarz' testimony was admitted over appellant's objection based on the physician-patient privilege.

Dr. Knowles, the court appointed psychiatrist, was authorized by a court order to examine appellant's hospital records, and the records of Dr. Schwarz, who had been her treating psychiatrist since 1974. At the incompetency hearing, Dr. Knowles gave his opinion based on Dr. Schwarz' records and his own observations that appellant was incapacitated and disabled. The trial court also overruled appellant's objection to Dr. Knowles' testimony.

Before Dr. Schwarz' and Dr. Knowles' testimony at the incompetency hearing, appellant's brother, the petitioner, testified that his sister had said she had seen the Blessed Virgin; that saran wrap had been taped to her foot; that she believed the

popcorn she purchased at a movie theatre might be poisoned; that she had asked her brother, a dentist, to prescribe an antipsychotic drug for her; that she had a license to beg, and in fact, had begged on a corner of Lindbergh Boulevard at a south county shopping center; that she never put her purse down while staying at her parents' house; and that she felt someone had tried to poison her canned Pepsi-Cola.

In addition, appellant's sister testified that appellant, among other things, claimed to have seen the Blessed Virgin Mary; that appellant had papers taped to the bottom of her feet and rosaries taped to the top of her foot; that appellant had said to her sister that car license plates had some reference to appellant, and that things were being said about appellant on television.

The trial court heard additional testimony from Mr. Terry Talley of the St. Louis County Department of Revenue. Mr. Talley testified that appellant had applied for and was issued a license to solicit money on foot.

Sister Mary Janice Meiners, RN, testified that appellant could not function at a full professional level and was asked to resign because she could not perform her duties as a registered nurse.

Another sister of appellant, also an RN, testified that she saw appellant with a plastic bag around her foot and a rosary on top of her foot; that appellant yelled, screamed and stated that the rosary was a treasure. The second sister testified further that appellant was fired from Hardee's and that every time she had a job she lost it.

The trial court ruled that appellant was a totally disabled and partially incapacitated person. The court appointed her brother as conservator of her estate because she was a disabled person. He was also appointed her guardian to assure that she receive her medical treatment for her mental-emotional condition because of her partial incapacity. The effect of this adjudication is set forth in § 475.078.3 which reads:

> A person who has been adjudicated incapacitated or disabled or both shall be presumed to be incompetent. A person who has been adjudicated partially incapacitated or partially disabled or both shall be presumed to be competent. The court at any time after a hearing on the question may determine that an incapacitated, disabled or partially incapacitated or partially disabled person is incompetent for some purposes and competent for other purposes.

Under the new guardianship code, the term "disabled" refers to a person's lack of ability to manage his financial resources. § 475.010(4)(a). The term "partially incapacitated person" refers to one who lacks the capacity to meet, in part, essential requirements for food, clothing, shelter, safety, or other care without court-ordered assistance. § 475.010(13).

■ Appellant asserts that the trial court erred in allowing Dr. Schwarz to testify because his testimony was inadmissible under the physician-patient privilege. This point is denied.

The physician-patient privilege is of statutory origin. Missouri first passed legislation to establish a physician-patient privilege in 1835. For a general discussion of the history of the privilege in Missouri see Comment, *Waiver of the Physician-Patient Privilege in Missouri*, 34 Mo.L.Rev. 397, 397–98 (1969). *See also* Peterson, *The Patient-Physician Privilege in Missouri*, 20 U. of K.C.L.Rev. 122 (1952).

The purpose of the privilege is to protect the patient by enabling him fully to disclose his ailments to his physician without fear that the physician will be compelled to reveal these confidences. *Klinge v. Lutheran Medical Center of St. Louis*, 518 S.W.2d 157, 164 [1, 2] (Mo.App.1974).

The privilege is not absolute. The privilege can be waived expressly, implicitly or *per se*. In several areas of the law the privilege has been relaxed creating a statutory *per se* exception to the privilege in workers' compensation claims, battered child cases, death certificate proof, and will contests. *Klinge*, 518 S.W.2d at 165.

Missouri, by statute, has long recognized an exception to the physician-patient privilege at detention hearings for the mentally incompetent. *Metropolitan Life Insurance Co. v. Ryan*, 237 Mo.App. 464, 172 S.W.2d 269, 273[5] (Mo.App.1943). Now a similar statutory *per se* exception to the physician-patient privilege is found in § 475.075.6 which reads:

> If prima facie proof of partial or complete incapacity or disability is made, a physician or licensed psychologist is competent and may be compelled to testify as to information acquired from the respondent, despite otherwise applicable testimonial privileges. Evidence received under this subsection which would otherwise be privileged may not be used in any other civil action or criminal proceeding without the consent of the holder of the privilege.

The physician-patient privilege is ineffective to prevent Dr. Schwarz' testimony about his treatment of appellant because of the statutory *per se* exception to the privilege in § 475.075.6.

This new statute has been interpreted as creating an exception to the physician-patient privilege in competency hearings. Borron Jr., *The Guardianship Code Revision An Overview*, 39 J.Mo.Bar 453, 456 (1983); Mo. Guardianship and Trust Law, § 2.11 (Mo.Bar 1985).

Dr. Schwarz was competent to testify because a prima facie proof of partial or complete incapacity or disability was made through the testimony of the petitioner and appellant's sister which was bolstered after Dr. Schwarz' testimony by the testimony of appellant's former employer and another sister.

The trial court could have properly concluded from this evidence that prima facie proof of appellant's partial or complete incapacity or disability had been made. Appellant's apparent paranoia in fearing her Pepsi-Cola and movie popcorn were poisoned, her begging in the streets, her delusions concerning people talking about her on television and motor vehicle license plates referring to her, all were indications of disability or incapacity. Accordingly, Dr. Schwarz' testimony was proper pursuant to § 475.075.6. Point one is denied.

The trial court allowed Dr. Schwarz' testimony for another reason: because the privilege had been waived at a prior detention hearing in the St. Louis County circuit court when Dr. Schwarz had testified in the presence of third persons about his treatment of appellant. § 632.425. It is unnecessary to discuss this issue in view of the finding that prima facie proof of incapacity or disability had been adduced pursuant to § 475.075.6.

■ Appellant asserts in her second point on appeal that the trial court erred in permitting Dr. Knowles to testify concerning appellant from information he received from Dr. Schwarz' records. This point is also without merit.

Dr. Knowles was appointed by the court to examine appellant pursuant to § 475.-075.4. Before questioning appellant, he advised her of her right to remain silent which she elected to do. The trial court ordered that Dr. Schwarz' records concerning appellant be turned over to Dr. Knowles so that Dr. Knowles could comply with the statutory requirement that he submit a report to the court. § 475.075.5.

Dr. Knowles based his opinion and diagnosis of appellant on Dr. Schwarz' records, appellant's hospital records, and his own observations and limited communications with appellant. Dr. Knowles' testimony was given after that of Dr. Schwarz. The physician-patient privilege did not operate to bar Dr. Schwarz' testimony because it was allowed by § 475.075.6, the statutory *per se* exception to the physician-patient privilege. Therefore, Dr. Knowles' testimony, based on his examination of Dr. Schwarz' records, was admissible.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.