**Alan A. ROTH,**
Plaintiff–Appellant/Cross–Respondent,

v.

**Linda A. ROTH,**
Defendant–Respondent/Cross–Appellant.

Nos. 56775, 56815.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 29, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 7, 1990.

Application to Transfer Denied
Sept. 11, 1990.

Greg L. Roberts, St. Louis, for plaintiff-appellant/cross-respondent.

Mary Ann Weems, St. Louis, for defendant-respondent/cross-appellant.

PUDLOWSKI, Presiding Judge.

This is an appeal from a decree entered in a dissolution of marriage proceeding. Appellant (Father) charges four points of error. Respondent (Mother) raises two additional points in her cross appeal.

Relevant facts will be set out in the discussion of each point with which they are associated.

We initially discuss the mother's claims of error.

Mother charges that the trial court erred in not giving her the right to live in the family home for a reasonable period of time and also that the trial court further erred in ordering that a $14,000.00 debt consolidation loan should be paid from the sale proceeds of the real estate.

The parties purchased a home in South St. Louis County in 1981. They lived in that home for the duration of the marriage.

There was approximately $50,000.00 still owed on the house which was valued at $180,000.00 by father and $130,000.00 by mother. In its decree of dissolution, the trial court ordered the marital home be sold and the proceeds divided equally between the parties. The court further ordered a $14,000.00 debt consolidation loan should be paid from the sale proceeds of the real estate.

On review we must affirm the trial court's judgment unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Upon review of all of the facts, we do not find the trial court's action to be an abuse of discretion. Point denied.

■ Mother also charges the trial court erred in failing to divide the father's interest in a 401(K) savings plan through his employer during the marriage.

The trial court's decree of dissolution failed to include a distribution of mother's interest in that plan. Under § 452.330.2 RSMo 1988 she has an interest in all marital property which includes the plan. It should have been considered and evaluated and, if necessary, apportioned by the trial court. On remand, the trial court should make the appropriate distribution.

■ We first address father's fourth point. He contends that the trial court abused its discretion in awarding mother maintenance in the amount of $983.59 per month for 36 months because it was against the weight of the evidence.

In successfully challenging a maintenance award, a party must show the court misapplied the law, that there was no substantial evidence to support the judgment, or that it was against the weight of the evidence. *Arnold v. Arnold*, 771 S.W.2d 914 (Mo.App.1989).

Father's monthly income was approximately $2,980. Throughout the marriage, he was employed full time outside of the home. His annual income was $58,000 in 1988 and $45,000 in 1989. Mother did not work outside of the home until 1988 when she began working twenty hours per week in a clerical position with Maritz where she earned $86 per week. Throughout the marriage she had been a full-time mother and homemaker. She had no educational or employment skills.

In light of these facts the trial court did not abuse its discretion in awarding her maintenance for a period of 36 months in the amount awarded.

■ We now address father's claims of error concerning child custody. The parties were married in 1973. Two children were born of the marriage. Mother had two children from a previous marriage and father adopted these children during the marriage.

The trial court declared the oldest child emancipated and granted primary custody of the three minor children to mother.

Father has raised three points claiming trial court error regarding its custody decree. We reverse and remand on the basis of one of those points.

Both parties in their petitions for dissolution sought custody of the children. At trial father presented evidence that it would be in the children's best interest to be placed in his primary custody. In the same manner, mother presented evidence that the children's best interests would be served by naming her their primary caretaker.

The evidence presented clearly showed that neither party was a model parent. The court found that both parents had poisoned the minds of their children regarding the other parent.

There was a great deal of testimony concerning the parties' use and abuse of alcohol. The evidence showed that both parties exhibited an extreme lack of discretion in their own use of alcohol as well as in allowing their own children and other minors to drink alcohol in the parties' home and in the parties' presence.

Father attempted to show that mother had undergone treatment for alcohol abuse at the Hyland Center and as a result was

unfit to have custody of the children. Mother testified that she had entered an outpatient program at the Center as part of a family therapy group after the couples' oldest daughter was admitted to the Center and treated for chemical dependency. She relied on the physician-patient privilege created by Section 491.060 RSMo 1978 to prevent all records concerning her treatment at Hyland Center from being disclosed at trial.

Father claims error in the trial court's exclusion of mother's records of treatment and expenses from the chemical dependency program at the Hyland Center of St. Anthony's Hospital.

He argues that the best interests of the children predominate over the privilege and therefore mother should not be allowed to use the privilege to conceal relevant information concerning her treatment.

Section 452.375.2 lists the factors that the court should consider in determining custody in accordance with the best interests of the child. Section 452.375.2(5) states that the court shall consider the mental and physical health of all individuals involved, including any history of abuse of any individuals involved.

The issue of whether a party waives his physician-patient privilege by seeking custody in a dissolution of marriage proceeding came before this court in *State ex rel Husgen v. Stussie*, 617 S.W.2d 414 (Mo. App.1981). In that case this court held that a party by merely seeking custody does not waive their physician-patient privilege. *Stussie* at 417.

However, the *Stussie* court did not have the benefit of Section 210.140 RSMo (1983), and the Supreme Court's interpretation of that statute in *State ex rel. D.M. v. Hoester*, 681 S.W.2d 449 (Mo. banc 1984), nor the legislature's 1988 amendment to subsection 2(5) of § 452.375 which requires the trial court to consider "any history of abuse of any individuals involved."

We said in *Cartwright v. Cartwright*, 707 S.W.2d 469, 475 (Mo.App.1986) that the fifth factor of subsection 2 involves the mental and physical health of the parties in the award of custody of the children. It is

curious that the legislature appended the most recent amendment, i.e., the abuse condition to the factor that requires the trial court to consider the mental and physical condition of all of the individuals.

In *Hoester* the Missouri Supreme Court addressed the issue of whether § 210.140 RSMo (1983) was intended to vitiate the physician-patient privilege in damage actions for child abuse. Judge Rendlen, writing for the court, concluded that the physician-patient privilege could not be invoked in damage actions for child abuse or neglect.

The opinion cites § 210.140 RSMo (1983) which provides in part that "[a]ny legally recognized privilege communication, except that between attorney and client, shall not apply to situations involving known or suspected child abuse or neglect and shall not constitute grounds for failure ... to give or accept evidence in any judicial proceeding relating to child abuse or neglect." Section 210.140 RSMo (1983).

The *Hoester* court interpreted § 210.140 extensively, finding that the statute is not limited to either criminal or civil proceedings, "instead the broad language explains the privilege shall not be applicable or constitute grounds to the giving or accepting of, evidence in any judicial proceeding relating to child abuse or neglect...." (Emphasis added). *Hoester* at 451.

In keeping with the Supreme Court's broad interpretation of the statute we find § 210.140 prevents a party from invoking the physician-patient privilege in any custody proceedings involving known or suspected child abuse or neglect.

The trial court has an affirmative duty in ascertaining the best interests of the child. In order to make a sound and prudent judgment, the judge should be able to have at his/her disposal all available pertinent evidence in determining child custody. The legislature has given to the courts the tools to deal with this pervasive issue of child abuse and neglect and the trial courts should use them.

As stated earlier there was a great deal of evidence in this case to demonstrate

parental misconduct. In particular, the parties' permissiveness regarding the minor children's abuse of alcohol strongly suggests parental neglect of the children.

The best interests of the children as determined by the relevant factors enumerated in § 452.375.2 lead us to conclude that the trial court in its determination of child custody did commit error in excluding evidence of the mother's sojourn at the chemical dependency program at the Hyland Center.

The judgment of the trial court is affirmed in part and reversed and remanded in part for further hearings consistent with this opinion.

SIMON, C.J., and CRANDALL, J., concur.