**In re the Marriage of Dorothy M. GRIGGS, Petitioner/Appellant,**

v.

**Glenn W. GRIGGS, Jr., Respondent.**

No. WD 37352.

Missouri Court of Appeals,
Western District.

April 1, 1986.

Charlotte P. Thayer & Anita I. Rodarte, Thayer, Bernstein and Bass, John R. Pink, Mann, Pink & Swiss, Kansas City, for petitioner/appellant.

Dennis E. Dibler, Kansas City, for respondent.

Before BERREY, P.J., and TURNAGE and NUGENT, JJ.

TURNAGE, Judge.

Dorothy Griggs sought the dissolution of her marriage to Glenn Griggs, Jr. She now appeals from that portion of the decree which awarded Glenn custody of the son born of the marriage. Dorothy contends the court erred in excluding the testimony of a psychologist and in granting custody of the son to Glenn because the custody award separated the children. Affirmed.

The parties were married in 1969 and separated in October of 1984. There were two children born of the marriage, Lori who was 12 at the time of trial and Glenn W. Griggs, III, known as Trey, who was 7 at the time of trial. Dorothy requested custody of both children. Glenn agreed that Dorothy should have custody of Lori but requested that he be awarded custody of Trey.

The court conducted a lengthy hearing and the trial judge interviewed both children. Both parties agreed that each was involved in the children's activities although they differ as to the degree. There was some dispute in the evidence concerning which parent took authority for the discipline of the children. There was evidence that Trey shared an unusually close relationship with his father. Dorothy testified Glenn had a drinking problem and Glenn testified Dorothy had a quick temper.

The children attended different schools with Lori in the 6th grade and Trey in the 1st grade. They also attended the same church although they were involved in different activities due to the difference in their ages.

The court found there was an exceptionally close relationship between Glenn and Trey and the best interest of Trey would be served if he were placed in the custody of Glenn. The court stated it had considered the desirability of placing the custody of the children in the same parent but found that common custody was not the over-

riding and controlling factor, but rather found that the best interest of the children would be served by placing them in separate custody. The court provided a specific visitation schedule with the children to alternate weekends with each parent so that the children would spend every weekend together. The court also ordered specific holiday visitations so that the children would be together during holidays and further provided that the children would be together at least two weeks during the summer.

On this appeal neither parent challenges the fitness of the other to have custody of one or both of the children. The focus of Dorothy's attack on the decree granting custody of Trey to Glenn is the fact that it separates the two children.

Dorothy first contends the court erred in excluding the testimony of a psychologist concerning the mental condition of Glenn. The psychologist had counseled with Glenn, Dorothy and both children and was called as a witness by Dorothy. Counsel for Glenn objected to the psychologist testifying as to the mental condition of Glenn on the grounds that it would violate the physician-patient privilege contained in § 491.060(5), RSMo Supp.1984. The parties now agree that the testimony of the psychologist was subject to the physician-patient privilege in that section. Dorothy contends Glenn waived the privilege by seeking custody and by placing in issue Dorothy's mental condition.

■ It is appropriate to point out that the psychologist testified that his education was in psychology. The physician-patient privilege of § 491.060(5) applies only to a physician. Section 334.021, RSMo 1978 provides that the term "physician" when used in any statute means physicians and surgeons licensed under Chapter 334. Section § 334.031, RSMo Supp.1984 provides that a physician must attend a medical college or an osteopathic college approved and accredited by the American Medical Association or by the American Osteopathic Association.

■ The psychologist who testified in this case was not a physician within the meaning of § 491.060(5). There is some suggestion that *State ex rel. Husgen v. Stussie*, 617 S.W.2d 414 (Mo.App.1981), makes the privilege of § 491.060(5) applicable to psychologists. The parties fail to distinguish between a psychiatrist and a psychologist. *Stussie* considered the privilege of § 491.060(5) as applied to a psychiatrist. A psychiatrist is defined as "a physician specializing in psychiatry." *Webster's Third New International Dictionary.* Thus, the privilege of § 491.060(5) applies to a psychiatrist but cannot apply to a psychologist.

There is a privilege applicable to psychologists contained in § 337.055, RSMo 1978, provided the psychologist is licensed. Although it was not shown that the psychologist who testified at trial was licensed, it does appear that he had received a doctoral degree in psychology which would qualify him for licensing under § 337.020, RSMo Supp.1984. For the purpose of this opinion it will be assumed that he was licensed.

■ Dorothy contends that Glenn placed his mental condition in question by seeking custody of Trey and that by reason of § 452.375.2(5), RSMo Supp.1984 Glenn thereby waived the privilege applicable to his mental condition. That section provides that the court in determining custody of children shall consider all relevant factors including the mental and physical health of all individuals involved. Dorothy contends that because that section requires the court to consider the mental condition of parents and children, that by requesting custody a parent places his own mental condition in issue and thereby waives any statutory privilege which may otherwise prevent the introduction of evidence concerning the mental condition of the parent. The contention advanced by Dorothy was decided adversely to her in *Stussie*, 617 S.W.2d at 417[5]. The court in *Stussie* held that § 452.375 did not create an exception to the statutory privilege attached to the testimony of a witness under § 491.060 concerning the mental condition of a parent. This

holding also governs the privilege applicable to psychologists contained in § 337.055. The court in *Stussie* further held that under Rule 60.01 a court can order a mental examination of a party and that such procedure is to be utilized when a question is raised as to the mental condition of a parent seeking custody.

Dorothy sought a mental examination of Glenn under Rule 60.01 but the request was denied by the court. No issue concerning that denial is now raised. This court agrees with the holding in *Stussie* and likewise holds that § 452.375 does not operate to waive the privilege attached to the testimony of the psychologist under § 337.055.

■ Dorothy further contends that Glenn waived the privilege when he filed a pleading which raised a question concerning the mental condition of Dorothy. No authority or reason is cited in support of that proposition. If Glenn did not waive the privilege by seeking custody himself, it follows that he does not waive the privilege by raising a question as to Dorothy's mental condition.

■ Dorothy next contends the court erred in splitting the custody of the children. She cites the rule that absent exceptional circumstances, siblings should not be separated. *Whiteside v. Whiteside*, 696 S.W.2d 871, 873[1] (Mo.App.1985). Dorothy does not challenge Glenn's fitness to have custody of Trey but contends exceptional circumstances do not exist to justify separation of the children.

As pointed out, the court found an exceptionally close relationship existed between Glenn and Trey. There was ample evidence to support this finding from both Glenn and independent witnesses. The evidence revealed that because of the differences in age and sex the children were generally not involved in the same school and church activities. The court interviewed each child in the presence of the attorneys. Lori expressed a preference to be with Trey. Although Trey expressed a desire to be with Lori, he stated that he would rather be with his father than with Lori. Lori expressed a strong desire to be with her mother so that they could share "girl activities."

The court was well aware of the rule that siblings should not be separated absent exceptional circumstances but found separation was in the best interest of the children in this case. That finding was supported by the evidence.

As noted the court ordered very liberal visitation on the part of both parents to assure that the children would be together every weekend, on holidays and for two weeks in the summer.

■ The trial court is vested with broad discretion in the matter of determining child custody because it is in a better position to consider all of the facts bearing on custody and the best interest of the children. Unless this court is firmly convinced the welfare of the children requires some other disposition, the decision of the trial court should be affirmed. *Whiteside*, 696 S.W.2d at 872. A review of the evidence fails to convince this court that the trial court should not have awarded custody as it did. The judgment is supported by the evidence, is not against the weight of the evidence and does not erroneously declare or apply the law.

The judgment is affirmed.

All concur.