In re the Marriage of David Michael
NEWBERRY and Kathryn
Diane Newberry.

David Michael Newberry,
Petitioner–Respondent,

and

Kathryn Diane Newberry,
Respondent–Appellant.

No. 15035.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 18, 1988.

Donald L. Sanders, Springfield, for petitioner-respondent.

Bruce K. Kirby, Wear, Keeter, Karchmer, Nelms & Kirby, Springfield, for respondent-appellant.

PREWITT, Presiding Judge.

The trial court dissolved the marriage of the parties, granted joint legal custody of the parties' two sons and primarily placed the physical custody of one of the parties' sons, Bryan, born February 4, 1976, with his mother, appellant Kathryn Diane Newberry. At issue is whether the trial court

correctly placed the primary physical custody of the parties other son, Bradley, born on May 5, 1978, with his father, respondent David Michael Newberry.

The trial court found that both parties were "fit and proper persons to have custody of the minor children"; and that "separating the minor children would not, under the circumstances, be detrimental to the physical or emotional development of either child". Appellant Kathryn Diane Newberry contends that the trial court's placing of Bradley with his father was erroneous because the court did not properly apply the factors set forth in § 452.375.2, RSMo 1986, and "was in violation of Missouri appellate court decisions precluding the separation of the children of divorced parents by custody award absent 'exceptional circumstances'".

■ In making provision for child custody, the trial court has broad discretion, and this court will not interfere unless the welfare of the children requires it. *Jobe v. Jobe*, 708 S.W.2d 322, 328 (Mo.App.1986). In the absence of exceptional circumstances, siblings should not be separated. *Id.* However, the trial court has the authority to order separate custody if that is in the best interest of the children. *Id.* Generally on this question see Annotation, Propriety of separating children by awarding custody to different parents, 98 A.L.R.2d 926 (1964).

In *Atwood v. Atwood*, 664 S.W.2d 673 (Mo.App.1984), cited by respondent, exceptional circumstances were found to justify separating siblings. No exceptional circumstances are present here. Nor do the factors in § 452.375.2, RSMo 1986, indicate that the children should be separated.

■ Appellant had an extramarital sexual affair while the parties were living together. However, this adds little to the placing of Bradley with his father and nothing to justify dividing the children. The children were not aware of the affair until told about it by their father and the children were not neglected so that the affair could occur. Extramarital sexual conduct does not brand a parent an unfit custodian if not accompanied by evidence that the conduct has had or may be expected to have an adverse effect on the child. *Fastnacht v. Fastnacht*, 616 S.W.2d 98, 100 (Mo.App.1981). The issue is not condemnation or approval of a moral standard but whether the conduct is detrimental to the child's welfare. *Id.* See also *In re Marriage of F___*, 602 S.W.2d 227, 231 (Mo. App.1980).

There is nothing in the record indicating that either party is an unfit parent or that there is any reason why either could not care for both children. There was evidence from respondent that because of appellant's working hours, from 11:00 p.m. until 7:00 a.m. five days a week at a Springfield manufacturing plant, she had been asleep and not answered the door when the children arrived home from school. Respondent testified that because appellant was away from home because of her work he fixed breakfast and lunch for the children, and he took them to school before he went to work. Respondent works from 9:00 a.m. until 3:00 p.m. regularly, but sometimes as late as 9:00 p.m., usually in the summertime. He is a dry wall contractor. He has one employee, a female, with whom he was living at the time of trial.

Approximately four months before the trial, appellant had custody of both children and they stayed with her mother while she was at work. While at their maternal grandparents, without appellant's consent, respondent took the children. A few days later appellant found them with respondent at a ball game and took Bryan home with her. Bradley remained with respondent. Approximately two months before trial the parties entered into a stipulation agreeing that each would have both children every other weekend from 9 a.m. on Saturday until 5 p.m. on Sunday and otherwise respondent would have custody of Bradley and appellant custody of Bryan "until further order" of the Court. That arrangement continued until trial and apparently does still.

■ Respondent contends that the exceptional circumstances which justify the separation of the children is "that the

present custodial arrangements, which separated the children, were in fact working well and provided to both children the emotional stability and security so important to the boys." He contends that because the trial court was able to observe and determine that the children were thriving under this arrangement it should be continued. We do not agree. In *Hack v. Hack*, 695 S.W.2d 498, 499 (Mo.App.1985), after the parties separated one child lived with each parent and the St. Louis County Circuit Court Domestic Relations Services compiled a custody report which recommended that they remain that way. The trial court properly rejected the recommendation and was affirmed.

■ Aside from the fact that separating the children should not have occurred, that it did, does not justify continuing it. The boys are close in age and miss living with one another. Although they live close to each other and go to the same school, this is not the same as living in the same household. That they are having no major problems does not mean they could not be getting along better if they were living together or that living together might not be more important to their welfare as they grow older.

There was also evidence that Bradley had indicated a preference for living with his father when he was evaluated by a psychologist hired by respondent. Those findings were summarized by the psychologist in a report admitted in evidence:

> Bradley does seem to be suffering some conflict regarding the pending divorce, which is not at all atypical or unusual considering his age. He seems to have an adequate relationship towards both mother and father. He did express a desire to live with his father, but his assertion was not in a strong or vehement manner. Thus, based upon the test that the examiner has on Bradley, there is no compelling evidence to suggest that he really does favor living with one parent over the other. Furthermore, there is no compelling evidence to suggest he has a closer identification with one parent or the other.

■ Even construing this as evidence of Bradley's desire to live with respondent it is of little aid to respondent. The preference of a child as to custody should be followed only if the welfare and interest of the child, as determined by all the evidence, are consistent with that preference. *Kanady v. Kanady*, 527 S.W.2d 704, 707 (Mo. App.1975). The undisputed fact that a child wants to live with a certain parent is not a sufficient basis for the award of custody to that parent. *Engler v. Engler*, 455 S.W.2d 36, 41 (Mo.App.1970). A child's custody should not turn upon the temporary whims or desires of a child. *J. v. E.*, 417 S.W.2d 199, 204 (Mo.App.1967). Directly asking a child which parent it wants to live with is not reliable and relying on it has "great potential for harm." See Samuel Roll, Ties That Bind, 17 Psychology Today 6 (Sept. 1983).

The portion of the judgment awarding physical custody of Bradley to respondent is reversed, as well as the portion of the judgment granting to respondent the property described as "Bradley's two dressers; Bradley's bed; Bradley's 5 inch TV; Bradley's small table and chairs; Bradley's toy shelf". The cause is remanded to the trial court for entry of a judgment giving physical custody of Bradley to appellant under the same terms and conditions as provided for Bryan, with respondent to receive the same visitation and alternate weekend custody of Bradley as is provided for Bryan, and that appellant be awarded the property earlier described in this paragraph as being Bradley's and that respondent pay to appellant $20 per week as and for child support for Bradley on the same terms and conditions and in the same manner as payment is made regarding Bryan, and for such other and further modification of the judgment as is necessary in order to carry out the intent of this opinion and not be inconsistent therewith.

FLANIGAN, J., concurs.

MAUS, J., concurs in the result.

HOGAN, J., not participating.