Ronnie CUTBIRTH, Plaintiff–Appellant,

v.

Marie Susan CUTBIRTH, Defendant–Respondent.

No. 15683.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 21, 1988.

---

Bob J. Keeter, Springfield, for plaintiff-appellant.

JoAnna V. Billingsley, Ozark, for defendant-respondent.

PREWITT, Judge.

The marriage of the parties was dissolved on December 3, 1980 and respondent was awarded custody of the parties' children. On March 17, 1987, appellant filed a motion to modify, seeking custody of the four children. Respondent answered with a "Cross Motion to Modify", asking for an increase in child support from $70 per month per child to $125 per month per child. On March 4, 1988, the trial court modified the decree, giving custody of the two older children to him and ordered him to pay $125 per month per child to respondent for the support of the remaining two children.

Appellant contends on appeal that the trial court erred in[1] increasing the child support to $125 per month per child because the evidence was insufficient and also erred in not awarding him custody of the two younger children.

In a proceeding to modify a dissolution decree an appellate court will reverse only if the order is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Cigno v. Cigno,* 723 S.W. 2d 930, 932 (Mo.App.1987). The trial court is in a better position than an appellate court to judge the credibility of witnesses. *Id.*

In providing for child custody the trial court has broad discretion, and this court will not interfere unless the welfare of the children requires a different result. *In re Marriage of Newberry,* 745 S.W.2d 796, 797 (Mo.App.1988). "In the absence of exceptional circumstances, siblings should not be separated." *Id.* Here, the older children were living with appellant, the father, and wanted to stay there. They were considerably older and not involved in the same school or activities as the two younger children. The trial court was justified in separating the children.

Appellant complains about the lack of detailed evidence showing the expenses of the children. Although we agree that detailed evidence is desirable, it is difficult to specifically show the cost of raising a child and the evidence was sufficient for the trial court to increase the child support as it did.

As this matter involves child custody and support, it is desirable that it be handled as expeditiously as possible consistent with sound judicial principles and proceedings. The record reveals that no error of law appears and that a modification of the judgment was supported by substantial evi-

dence and was not against the weight of the evidence. A further opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

FLANIGAN, P.J., and HOGAN and MAUS, JJ., concur.