**In re the Marriage of: Brenda JACKSON and Brad Jackson.**

**Brenda JACKSON, Appellant,**

v.

**Brad JACKSON, Respondent.**

**No. 15877.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 11, 1989.

Dee Wampler, Wampler, Wampler, & Catt, Springfield, for appellant.

George R. Lilleston, Clinton, for respondent.

PREWITT, Judge.

This is an appeal from a decree of dissolution of marriage. The parties were married June 18, 1982. On September 16, 1985, a female child was born to the marriage. The parties separated at the end of April or in early May of 1987. On July 1, 1988, the trial court entered a judgment dividing the marital property, dissolving the marriage and awarding custody of the female child to respondent.

---

1. Rule references are to Missouri Rules of Court (20th ed. 1989).

The sole issue before us is whether the trial court erred in awarding principal custody of the child to respondent. Appellant contends that this decision is not supported by substantial evidence, is against the weight of the evidence, and erroneously declares or applies the law: (1) "in that there was no evidence of any negative or detrimental effect on the minor child as a result of the actions or behavior of which appellant allegedly engaged"; (2) "in that although appellant admitted to having sexual relations with two men subsequent to the separation of the parties, this alone is not a sufficient basis to deny her custody of the minor child"; and (3) "in that although appellant admitted to using controlled substances during the marriage, this alone is not a sufficient basis to deny her custody of the minor child".

The trial court has considerable discretion in determining custody and appellate courts only interfere where they are firmly convinced that the result is wrong. *In re Marriage of Griggs*, 707 S.W.2d 488, 491 (Mo.App.1986). The trial judge can view and hear the people involved and is in a better position to look at all the facts bearing on the best interests of the children. *Id.* In making provision for child custody, the trial court has broad discretion, and this court will not interfere unless the welfare of the children requires it. *Jobe v. Jobe*, 708 S.W.2d 322, 328 (Mo.App.1986).

■ As appellant asserts, extramarital sexual conduct does not brand a parent an unfit custodian if not accompanied by evidence that the conduct has had or may be expected to have an adverse effect on the child. *In re Marriage of Newberry*, 745 S.W.2d 796, 797 (Mo.App.1988). The issue is not condemnation or approval of a moral standard but whether the conduct detrimentally affects the child's welfare. *Id.*

■ Appellant worked as a waitress during the day. There was evidence that appellant was not properly caring for the child when she had her and most evenings was leaving her in the care of someone else while she "was wanting to run". Respondent testified that he was "wanting to settle down and Brenda [appellant] was not".

Appellant's drug use and the amount of time and the particular hours that she spent with men, more than what she did with them, was relevant as it tended to show that her child's care was not the priority it should have been. This and other evidence of appellant's conduct prevents us from being firmly convinced that the trial court was wrong.

No findings of fact were requested or made so we presume that the evidence regarding appellant's conduct was determined by the trial court adverse to appellant in accordance with the result reached. Rule 73.01(a)(2). Although we might have reached another result, we defer to the trial judge who was in a better position to view the sincerity of the parties and determine what was in the best interest of the child.

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.