**Kathleen Ann O'LEARY, Appellant,**

v.

**G. Dennis STEVENSON, Respondent.**

**No. WD 41149.**

Missouri Court of Appeals,
Western District.

Dec. 19, 1989.

Ronald E. Smull, Loramel P. Shurtleff, Columbia, for appellant.

Roger P. Krumm, Fulton, for respondent.

Before BERREY, P.J., and MANFORD and NUGENT, JJ.

BERREY, Presiding Judge.

Appeal from an order of the trial court denying appellant's motion requesting permission to remove children from the state and to amend a joint custody plan. Appellant, Kathleen O'Leary, contends that the trial court abused its discretion in awarding custody of the child Margo to respondent, G. Dennis Stevenson, after awarding her custody of the children Jason and Kristi, and in denying her permission to remove them to New York. Appellant argues that the trial court's order concerning custody and visitation are impractical and incapable of being carried out in view of her move to New York. Furthermore, the appellant argues that the best interests of the children were not served by the trial court's decision.

The parties' marriage was dissolved in 1983. Respondent was granted custody of the three children of the marriage, Jason, born December 19, 1970, (now eighteen), Kristi, born November 23, 1972, and Margo, born October 15, 1979. In November, 1985, appellant filed a motion to modify asking that custody of all three children be transferred to her. Prior to trial, a stipulation was entered into by the parties, transferring the custody of Jason to appellant.

In April, 1987, appellant filed another motion to modify asking for custody of Kristi and Margo. This motion was disposed of by stipulation, giving both parties joint legal custody of all three children. Physical placement of Jason and Kristi was given to appellant.

Appellant filed another motion to modify on July 19, 1988. In this motion she requested that the court grant her permission to take the children out of state to New York where she had a new job. Respondent countered this motion by requesting that all three children be placed with him.

Appellant had been employed as a surgical technologist at the University Hospital in Columbia. She had reached the top of the pay scale there at $8.10 per hour. Following a leave of absence, appellant was to commence a similarly titled job at Rochester General Hospital also at $8.10 per hour. This job, however, had the extra advantage of paying for her advanced education. By the time of the hearing on

September 8, 1988, appellant had moved to Rochester and had a house there.

The trial court awarded custody of Jason and Kristi to appellant but denied her the right to remove them to New York. Margo's custody was awarded to respondent. Visitation on both sides was identical: alternate weekends, alternate holidays and ten weeks summer vacation at the end of the school year. Neither party was taxed with child support. This appeal followed.

Review of this court tried case is governed by Rule 73.01 and the well known principles presented in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). Therefore, upon review, the decision of the trial court must be sustained unless there is not substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32; *In re Marriage of Scobee,* 667 S.W.2d 467, 468 (Mo.App.1984). There are no inflexible or precise set of formulas to follow when trying to determine what the outcome of a custody case should be. Every case must be examined on its own peculiar set of facts and circumstances. *J–A–F– v. P–J–F–,* 552 S.W.2d 739 (Mo.App.1977). On appeal, the findings of the trial court will be upheld unless the appellate court is convinced that the welfare of the child requires that another disposition must be made. *Fastnacht v. Fastnacht,* 616 S.W.2d 98, 100 (Mo.App.1981). Where a determination of custody is to be made the test is "what is in the best interests of the child." *Bashore v. Bashore,* 685 S.W.2d 579 (Mo.App.1985). Modification of custody requires that not only the best interests of the child be considered but that a change in circumstances be shown. *Knoblauch v. Jones,* 613 S.W.2d 161 (Mo.App.1981).

Appellant argues that the trial court abused its discretion in awarding custody of Margo to the father and in denying her permission to remove Jason and Kristi to New York while providing cross visitation on alternate weekends, holidays and for ten weeks in the summer, as these orders are neither practical or reasonably capable of being carried out. She also argues that the best interests of the children are best served by their mother's career advancement, by Margo's removal from what appellant terms "an emotionally disturbing environment" and by not separating the children. Margo has always been in the physical custody of her father. "When custody has been once adjudicated, it is presumed that the custodian remains suitable and the burden of proving a change of circumstances sufficient to call for a change of custody is on the party seeking the change." *Downey v. Downey,* 696 S.W.2d 336, 337 (Mo.App.1985). In the instant case, appellant has not met that burden. Margo was doing well in school. Although the record reveals that she suffered from some minor stomach trouble, her real problem seems to stem from the uncertainty of her situation as her remarks to the judge bear witness. Although she indicates that she'd like to live with her mother she states that, "I would just like to know where I'm living."

The major issue in the instant case concerns the judge's refusal to allow appellant to remove the children, Jason and Kristi, from Missouri. Missouri looks upon such removals with marked displeasure. The court in *Samuels v. Samuels,* 713 S.W.2d 865, 868 (Mo.App.1986), gives the rationale behind such a rule by stating:

> The best interests of the child are best served by continued interrelationships with both parents. *Perr v. Perr,* 205 S.W.2d 909, 912[4] (Mo.App.1947). It is that general premise that engendered the judicial policy to deny the removal of the child to another jurisdiction where the practical consequence was to deny the child reasonable occasion for contact with the other parent. *Pelts v. Pelts,* 425 S.W.2d 269, 270[1–3] (Mo.App.1968).

If removal is allowed, the practical effect of such a move would be to deprive Jason and Kristi of meaningful contact with their father. It cannot be shown, under the facts of the instant case, that the best interests of the children would be served by such a move. *See In re Bard,* 603 S.W.2d 108 (Mo.App.1980). Nor can appellant legitimately complain at this late date of the impracticality of the trial court's

order. Appellant was gainfully employed in Missouri. She was under no compulsion to move to New York and her unilateral decision to do so does not place the responsibility for the consequences of such a move on the trial court. Although it might be in appellant's best interest to make such a move, this is not the standard which governs, but that of the best interests of the children.

Removal of the children from Missouri is not in their best interests. Respondent has been very active in rearing and caring for the children. His relationship with Jason and Kristi has improved during the past few years. All of the children are doing well in school. Respondent and his wife, Debra, participate in school activities. The children are well settled in the community, regularly attending church and having many friends. The uncertainty surrounding a move to New York does not provide a basis for finding that the trial judge was clearly erroneous in his decision.

█ Absent unusual circumstances, siblings should not be separated. *Whiteside v. Whiteside*, 696 S.W.2d 871 (Mo.App. 1985). However, courts have occasionally split custody finding, "that common custody was not the overriding and controlling factor...." *Griggs v. Griggs*, 707 S.W.2d 488, 489–90 (Mo.App.1986). Rather, the question becomes whether the best interests of the children are served by placing them separately. *Id.* In the instant case there is ample evidence to uphold such a split. The children had already been living apart at the time of the hearing. Jason and Kristi both had moved out of their father's home and went to live with their mother, while Margo remained. The evidence shows that the children were doing well under the present arrangement.

Appellant points out that both Jason and Margo expressed their desire to go to New York. (Kristi was silent as to her preference). Although the preferences expressed by the children are entitled to some weight, they are not controlling. *Gambino v. Gambino*, 636 S.W.2d 81, 82 (Mo.App. 1982). There is ample evidence in the record to support the trial court's decision.

The judgment of the trial court is supported by the evidence, is not against the weight of the evidence and does not erroneously declare or apply the law. Therefore, the judgment of the trial court is affirmed.

All concur.