In re the MARRIAGE OF: Kelly Marie BELL and James Allen Bell,

Kelly Marie Bell,
Petitioner–Respondent,

and

James Allen Bell,
Respondent–Appellant.

No. 16616.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 26, 1990.

Michael R. Dunbar, Smith & Dunbar, Waynesville, for petitioner-respondent.

Pamela Lambert, Harper & Cline, Columbia, for respondent-appellant.

PREWITT, Judge.

The parties were married on October 29, 1983 and had a female child born August 5, 1985. The trial court awarded joint legal custody with joint physical custody to be divided equally until the child, Ashley Nicole, started school. Then, primary physical custody would be with the child's mother. The father appeals. The only issue is whether primary physical custody, after Ashley starts school, should have been granted to Kelly Marie Bell.

Appellant James Allen Bell contends the trial court erred because (1) its finding that respondent was a fit custodian was against the weight of the evidence "in that the evidence clearly shows that the respondent is physically unhealthy and emotionally unstable"; (2) the trial court "gave improper and undue consideration" to the fact that respondent lives near her parents; and (3) "the court appeared to base its decision upon gender consideration ... in that it appeared the court utilized a 'tender years presumption'" in violation of § 452.375(6), RSMo Supp.1989.

In the respondent's brief, she states that as there was no request for findings of fact or conclusions of law, any finding by the court is a voluntary finding which presents no question for review other than as a general finding. She cites *M__ D__ v. C__ D__*, 691 S.W.2d 406 (Mo.App.1985); *Wills v. Alcorn*, 636 S.W.2d 142 (Mo.App. 1982); *Brooks v. Brockman*, 608 S.W.2d 566 (Mo.App.1980); and *De Paul Hospital*

*v. Southwestern Bell Telephone,* 539 S.W.2d 542 (Mo.App.1976).

Those cases do not correctly state the law regarding the trial court's voluntarily given findings. In *Graves v. Stewart,* 642 S.W.2d 649, 651 (Mo. banc 1982), the supreme court rejected such statements and held that even when no request is made by the court in a court tried case, findings voluntarily given "do form a proper basis for assigning error and should be reviewed. Any holding to the contrary is hereby overruled." Nevertheless, apparently because the supreme court only referred to one such case, many cases since have continued to cite the previous rule. See *Thomas v. Depaoli,* 778 S.W.2d 745, 747 (Mo.App. 1989).

■ In reviewing, under Rule 73.01, this court must affirm the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *In re Marriage of Plank,* 670 S.W.2d 185, 189 (Mo.App.1984). This court's power to set aside a custody award on the ground that it is against the weight of the evidence is to be exercised with caution and only on a firm belief that the judgment is wrong. *Id.*

■ The trial court has broad discretion in the matter of determining child custody because it is in a better condition to consider all the facts bearing on custody and the best interest of the child. *In re Marriage of Griggs,* 707 S.W.2d 488, 491 (Mo.App. 1986). Unless this court is convinced that the welfare of the child requires some other disposition, the decision of the trial court should be affirmed. *Id.*

■ Although respondent had physical problems, and was subject to some emotional distress because of stress, there was no indication in the evidence that these problems affected the child or that she could not properly care for the child. The record does not establish that respondent living next door to her parents was improperly considered by the trial court. Since both parties are employed and the child must spend some time with others, it was particularly proper to consider that relatives live nearby. The trial court was justified in considering that grandparents, competent to look after and care for the child, lived next door, but nothing in the record establishes that the trial court gave undue weight to this circumstance. It was merely one of all the circumstances which the trial court was authorized to look at in determining what was in the best interest of the child.

Nor does the record establish that the trial court followed the now rejected "tender years presumption". See *In re Marriage of Plank,* supra 670 S.W.2d, at 190. Nothing indicates it ruled for the mother because she was female. The father's brief states that the court must have "acted under the tender years presumption because no other plausible or rational explanation exists". We do not agree. The trial judge saw and heard the witnesses and was in a better position than we are to determine the best interest of the child. We find no abuse of discretion in the trial court's order.

The judgment is affirmed.

MAUS, P.J., and CROW, J., concur.