800 S.W.2d 766 (1990)
D.S.P., Respondent,
v.
R.E.P. & D.P., Appellants.
No. 57437.
Missouri Court of Appeals, Eastern District, Southern Division.
November 13, 1990.
*768 Daniel P. Card, II, Clayton, Candide C. Cooper, Potosi, for appellants.
Michael L. Maynard, Shawn McCarver, Flat River, for respondent.
CARL R. GAERTNER, Judge.
Father, R.E.P., and stepmother, D.P., appeal from the judgment modifying child custody provisions of the decree dissolving father's marriage to mother, D.S.P. We affirm in part and reverse in part.
On January 16, 1986, the date on which the decree of dissolution of marriage was entered, mother was granted primary custody of three children born of the marriage. Two sons were born, one in July, 1973, the second in May, 1975. The youngest child, a daughter, was born in March, 1980. The father was awarded liberal visitation and temporary custody rights and was ordered to pay $45 per week for support of each child. On February 14, 1986, father remarried. A child was born of this marriage in October, 1987. In March of 1986, the oldest boy moved in with his father and step-mother. The second boy moved in with father and step-mother in September of 1986. The mother released father from support liability for the two boys. On February 18, 1987, father filed a motion for modification seeking custody of all the children. On March 12, 1987, mother filed a cross-motion to require father to increase child support for the daughter to $75 per week (amended at hearing to include any children for whom she has custody) and to pay her attorneys' fees and costs. After a hearing held on August 19, 1987, the trial court ordered that during the pendency of the proceedings the parties would exercise joint legal and physical custody of all three children, the oldest boy would have primary lodging with father, the younger son and daughter would have primary lodging with mother, and the parties should schedule visitation with the children. Hearings were held on August 19, 1987, November 13, 1987, November 16, 1987, April 22, 1988, June 29, 1988, October 31, 1988, January 13, 1989, March 24, 1989, and August 8, 1989. The trial court issued various orders during the course of these proceedings: joining step-mother as a party, prohibiting the parties from discussing the case with the children, and requiring a home study of both mother and father.
On June 27, 1989, the trial court issued its findings of fact and its order. The order states that there have been changes in the circumstances of the minor children such that the terms of the original decree require modification and that the best interest of the minor children requires that their primary custody be with separate parents. The court awarded primary care, custody, and control of the two boys to father and of the daughter to mother with visitation arranged so that the children would be together on weekends, holidays and during periods of the summer. Father was ordered to increase child support for the daughter to $75 per week and he and step-mother were ordered to pay the fees and costs of the guardian ad litem and fees for mother's attorney.
*769 On July 12, 1989, the father moved to alter and amend the judgment or, as an alternative, to set aside the judgment and reopen for new findings of fact and conclusions of law. In particular the motion to amend sought reversal of the finding that the best interest of the children would be served by their being separated. His motion for a new trial sought leave to present the testimony of a licensed psychologist, speaking to the issue of separating siblings, and alleged certain rulings were erroneous. An affidavit entitled Exhibit A attached to the motion consists of questions the father's attorney allegedly would have posed to the daughter. The second affidavit contains a statement of a psychologist who would testify. On November 17, after the 90-day deadline for acting on post-trial motions, the trial court filed a post-trial order which denied the motion for a new trial and denied the motion to amend the judgment.
Meanwhile, father and step-mother filed a timely appeal on October 13, 1989. Daughter, through her guardian ad litem, filed a cross-appeal which she subsequently dismissed voluntarily. Appellants argue that the trial court erred and abused its discretion when it 1) ordered divided custody of the siblings and failed to award custody of the daughter to the father; 2) excluded a portion of the testimony of a Department of Family Service caseworker and prevented certain questions on the cross-examination of the mother; 3) refused to reopen the case for a new trial to present evidence from a psychologist who had not been called previously and to permit questioning of the daughter by the attorneys, and 4) the court erred in the manner in which it conducted its evidentiary hearing and imposed attorneys fees and court costs upon appellants so that appellants were denied their right to due process.
In reviewing an order of child custody we defer to the finding of the trial court and determine only whether the order is supported by substantial evidence, is against the weight of the evidence or erroneously declares or applies the law. Lee v. Lee, 782 S.W.2d 112, 114 (Mo.App.1989). We will affirm the decision of the trial court unless firmly convinced the welfare of the child requires some other disposition. Id.

SEPARATION OF SIBLINGS
The difficult and oft-times agonizing decision regarding which of two separated parents, both loving, dedicated, and capable, should have custody of their children is not susceptible of resolution by the application of set rules or principles. Even more difficult and perhaps less susceptible to a precise formula is a decision to divide custody of the children of separated parents. Nevertheless, decisions of Missouri appellate courts have enumerated a number of factors which warrant consideration when the circumstances indicate separation of siblings may be advisable in order to serve the best interest of all the children of a dissolved marriage.
First of all, consideration of possible separation of siblings presupposes a finding that neither parent is unfit and that each is desirous and capable of furnishing the emotional and physical environment necessary for the well-being of the child.
"It is the long established rule that absent exceptional circumstances siblings should not be separated. (citations omitted)" Whiteside v. Whiteside, 696 S.W.2d 871, 873 (Mo.App.1985). Analysis of the cases in which this general rule is often reiterated discloses that rather than being exceptional, the circumstances considered in determining the propriety of an order separating siblings are simply those which are seen as being the least disruptive of intra-family relationships and the most conducive to the establishment and maintenance of a stable and nurturing environment during formative years.
For example, deep seated animosity between one twin and her mother was viewed as one of the circumstances justifying divided custody of twins in Long v. Long, 771 S.W.2d 837, 840 (Mo.App. 1989). The extent of incompatibility between siblings or inability of one child to *770 get along with a step-parent have been similarly noted as factors warranting consideration. Whiteside, supra; Gentry v. Simmons, 754 S.W.2d 579, 581 (Mo.App. 1988). Conversely, the establishment of a particularly close relationship between one child and one parent is also seen as having relevance to consideration of divided custody. Gentry, supra; Griggs v. Griggs, 707 S.W.2d 488, 491 (Mo.App.1986). The fact that children are close in age, making it likely that they will attend the same school, engage in common activities and form common friendships among their peers, militates against divided custody, whereas a wide age differential is seen to be less disruptive of the sibling relationship. Griggs, supra; Jobe v. Jobe, 708 S.W.2d 322, 329 (Mo.App. 1986); Cutbirth v. Cutbirth, 758 S.W.2d 187, 188 (Mo.App.1988); Roberts v. Roberts, 668 S.W.2d 249, 251-2 (Mo.App.1984). Geographic proximity and the parents' ability to agree to and carryout frequent visitation and temporary custody which allow the children, although residing primarily in different households, to spend meaningful time with each other and with each parent are important considerations. O'Leary v. Stevenson, 782 S.W.2d 109, 111 (Mo.App.1989); Vaught v. Vaught, 755 S.W.2d 375, 376-7 (Mo.App. 1988). The courts are reluctant to inflict further disruption upon the lives of children where the separation of brothers and sisters has already occurred in fact, whether pursuant to previous court order or by arrangement of the parents. Especially if the divided custody has been in effect for some time, the tendency is to continue the status quo. Lee v. Lee, 782 S.W.2d 112, 115 (Mo.App.1989); Long, supra; Cutbirth, supra; Vaught, supra. Expressed wishes of the child regarding his or her primary custody are entitled to consideration, but are not controlling as the decision should not be allowed to turn upon the temporary whims or desires of a child. Gentry, supra, at 582. The weight to be given to such expressions is dependant upon the maturity and intelligence of the child and the basis of the expressed preference. Id.; In Re Marriage of Newberry, 745 S.W.2d 796, 798 (Mo.App.1988).
No one of the factors mentioned above is controlling. Rather, all should be considered and balanced in order to determine the arrangement which will best serve the interest of all the children. Viewed in the light of these factors, the record in this case does not reflect any abuse of trial court discretion in ordering custody of the two boys to be with father and the daughter to be with mother. The mother and father, despite their personal conflicts, have commendably seen to it that the children have frequent opportunities to be together. The age differential between the daughter and her brothers is noteworthy. All the children express their love for both parents, their reluctance to hurt either mother or father, and their regret at being "caught in the middle." Although each parent would point to incidents indicating the other's unworthiness, the expert testimony supports the conclusion the children are well-adjusted and suffering no serious adverse effects from their separation which has been in effect for over two years. Giving due regard to the opportunity of the trial court to evaluate intangibles which do not appear from the cold record, Hord v. Morgan, 769 S.W.2d 443, 449 (Mo.App. 1989), and acknowledging that greater deference is accorded to the trial court's determination of trial custody than in other types of cases, Hart v. Hart, 766 S.W.2d 131, 132 (Mo.App.1989), we find no abuse of discretion here.

QUESTIONING OF DAUGHTER
Pursuant to § 452.385 RSMo.1986 all three children were questioned in the presence of the attorneys. The attorneys and the court interrogated the boys but only the court questioned the daughter, who was eight at the time. Counsel voiced no objection at that time but in a post-trial motion and on appeal, appellants argue that the failure of the court to permit questioning by counsel and the failure to ask all the questions submitted by appellants has denied them the right set forth in the statute to participate in the interrogation. By failing to make a timely objection, the issue has not been preserved for appellate review. *771 In Re Marriage of M__A__R.K__, 712 S.W.2d 445, 447 (Mo.App.1986). Moreover, in light of the little weight to be accorded to the testimony of an eight year old child regarding preferences in a custody dispute, appellants have suffered no prejudice.

EXCLUSION OF EVIDENCE
Appellants contend the trial court's refusal to permit mother to answer a question on cross-examination regarding her opinion of the happiness of her children, and in excluding the testimony of a D.F.S. caseworker regarding the department's guidelines for the placement of siblings in foster homes, constitute errors warranting reversal. Erroneous admission of evidence seldom presents grounds for reversal of a judge-tried case. Conoyer v. Conoyer, 695 S.W.2d 480, 482 (Mo.App. 1985). Pursuant to Rule 73.01(a)(1), an appellate court will not base reversible error on the exclusion of evidence absent an offer of proof that the evidence favors the complaining party. Kay v. Kay, 763 S.W.2d 712, 714 (Mo.App.1989). Moreover, considerations warranted in foster home placement are substantially different than those pertaining to orders of parental custody. Whatever mother's opinion might be would only be cumulative to more probative testimony of fact. In view of the abundance of evidence adduced in this case in multiple hearings extending over twentyfour months, the exclusion of this testimony is insignificant.

REFUSAL TO REOPEN
The extensive hearings over a long period are also relevant to appellants' contention of error in denying their post-trial motion to reopen the evidence for reception of additional psychological expert testimony. Nothing in the record indicates that this evidence could not have been secured before the conclusion of the trial. See, O.J.G. v. G.W.G., 770 S.W.2d 372, 376-7 (Mo.App.) cert. den. ___ U.S. ___, 110 S.Ct. 540, 107 L.Ed.2d 538 (1989). The court did not abuse its discretion in denying the motion.

IMPOSITION OF SANCTIONS
Finally, appellants seek to set aside an order that father pay $375 to mother's attorney and $101.25 to the guardian ad litem as a sanction for failure to appear at a scheduled hearing. Counsel for father sent a representative to this hearing with a motion for a continuance alleging a lack of notice of the hearing date and inability to be present due to a scheduling conflict. The court immediately conducted a hearing regarding notice and found the allegation of lack of notice to be false. The requested continuance was granted, but monetary sanctions were imposed. Father now argues he was denied due process.
Section 514.205 RSMo.1986 expressly provides for the imposition of sanctions where it is determined "after a hearing for such purpose" that a motion was filed in bad faith. Implicit in the requirement of a "hearing for this purpose" is the invocation of basic due process principles of notice and opportunity to be heard. We are compelled to conclude the court's action was precipitous and that counsel who signed the motion found to be false should have an opportunity to be heard and to cross-examine witnesses called by the court upon the subject. Accordingly, the order of monetary sanctions entered November 13, 1987, is ordered set aside and the cause is remanded on that issue.
In conclusion, the judgment of the trial court is affirmed in all respects except the order of November 13, 1987, imposing monetary sanctions which is ordered vacated, and the cause is remanded for further proceedings on that issue.
SMITH, P.J., and GRIMM, J., concur.