Deborah A. YOUNG, Respondent,

v.

Gregory S. YOUNG, Appellant, and Saundra A. Rush, Intervenor–Respondent.

No. WD 56894.

Missouri Court of Appeals, Western District.

March 14, 2000.

Philip Cardarella, Kansas City, for Appellant.

Michael Hanna, Raytown, for Respondent.

Nancy Stuver Wallingford, Kansas City, for Intervenor-Respondent.

PAUL M. SPINDEN, Judge.

Gregory Young appeals the circuit court's judgment granting custody of his daughter to Saundra Rush, the child's maternal grandmother. He argues that the circuit court did not find that the natural parents were unfit, unsuitable, or unable to be a custodian, or that the welfare of the child required third-party custody. We reverse the circuit court's judgment and remand for further proceedings.

At the time of trial in November 1998, the Youngs' daughter, Samantha, was seven years old. Samantha lived with her grandmother during her first two years. When Samantha lived with both parents, Rush cared for her at least two days each week. Rush obtained temporary custody of Samantha in April 1998, and neither parent significantly supported the child during any of the time she was in Rush's care.

In its dissolution decree of December 31, 1998, the circuit court determined, "It is in the best interests of the minor child that after considering all relevant factors that [Rush] have sole custody of the minor child." The decree also directed that Young have unsupervised visitation of Samantha. The circuit court allowed the mother Deborah Young visitation only if Rush supervised it.

Gregory Young's first point on appeal asserts that the circuit court's awarding custody to Rush was contrary to § 452.375.5,[1] which states:

> Prior to awarding the appropriate custody arrangement in the best interests of the child, the court shall consider each of the following as follows:
>
> . . . .
>
> (5) Third-party custody or visitation:

> (a) When the court finds that each parent is unfit, unsuitable, or unable to be a custodian, *or* the welfare of the child requires, *and* it is in the best interests of the child, then custody . . . may be awarded to any other person or persons deemed by the court to be suitable and able to provide an adequate and stable environment for the child.[2]

The circuit court found that Rush's having sole custody of Samantha was in the child's best interests; however, its judgment did not include any reference to either of the two other qualifying factors. Section 452.375.5 states that the circuit court must find either that both parents are unfit, unsuitable, or unable to be a custodian, or that the welfare of the child requires third-party custody. The circuit court's conclusion that Rush's care was in the child's best interests was not sufficient to establish third-party custody.

 Deborah Young suggests that, because neither party requested that the circuit court make findings of fact and conclusions of law, we should assume that the circuit court made findings consistent with the judgment. Indeed, Rule 73.01(a)(3) directs us to assume, in the absence of a specific finding, that all fact issues were resolved in accordance with the circuit court's judgment. Nonetheless, when a circuit court volunteers findings of fact, the findings are reviewable on appeal. *In re Marriage of Bell,* 796 S.W.2d 130, 131 (Mo.App.1990); *Graves v. Stewart,* 642 S.W.2d 649, 651 (Mo. banc 1982). "The voluntary statement by the [circuit] court of the grounds for its decision certainly may be considered in determining what evidence, if any, it rejected. It may also be considered in determining [whether] the [circuit] court misapplied the law[.]" *In the Interest of L.W.F.,* 818 S.W.2d 727, 733 (Mo.App.1991). The circuit court's judgment included more than six pages of voluntary, detailed findings.

---

**1.** All citations of statutes refer to the 1999 Cumulative Supplement to the Revised Statutes, unless otherwise stated.

**2.** We added the emphasis.

We will affirm the judgment unless we are firmly convinced that the circuit court's judgment is against the weight of the evidence or misapplies the law. *Guier v. Guier*, 918 S.W.2d 940, 946 (Mo. App.1996). "The polestar guiding the resolution of custody disputes is the best interests of the child." *In the Interest of K.K.M.*, 647 S.W.2d 886, 892 (Mo.App. 1983); § 1.092. We presume parental custody is in a minor child's best interests. *Searcy v. Seedorff*, 8 S.W.3d 113, 117 (Mo. banc 1999). To rebut this presumption, the third party seeking custody must carry the burden of showing either that each parent is unfit, unsuitable, or unable to have custody or that the welfare of the child requires third-party custody. *Flathers v. Flathers*, 948 S.W.2d 463, 466 (Mo. App.1997).

Deborah Young argues that the best interests standard alone should govern the circuit court's judgment. To the contrary, each word, clause, sentence, and section of a statute has meaning. *Missouri Property and Casualty Insurance Guaranty Association v. Pott Industries*, 971 S.W.2d 302, 305 (Mo. banc 1998).

A 1988 amendment to the child custody statute added language about third-party custody that was very similar to the current statute. Section 452.375.4(3)(a), RSMo Supp.1988. The previous version required that the circuit court find both parents "unfit or unable" to have custody of their child and that third-party custody was in the child's best interests. § 452.375.3, RSMo 1986. By adding "or the welfare of the child manifestly demands," the General Assembly created two methods by which the circuit court could award custody to a third party—both methods also required that third-party custody be in the child's best interests. *Jones v. Jones*, 10 S.W.3d 528, 534–35 (Mo.App.1999).

We have interpreted "welfare of the child" to mean that a special, or extraordinary, reason or circumstance can make third-party custody in the child's best interests. *Flathers*, 948 S.W.2d at 470. Significant bonding in a familial-custody relationship with a third party, as was apparent between Rush and Samantha, can constitute a special circumstance. *In Interest of Hill*, 937 S.W.2d 384, 386 (Mo. App.1997); *C.M.W. v. C.W.*, 786 S.W.2d 623, 625 (Mo.App.1990).

The circuit court erred in considering only "best interests" as the standard to be applied in awarding custody to Rush. In its findings concerning the actions of both parents, the circuit court used the language "abused and neglected the child" in reference to Gregory and Deborah Young. Deborah Young concedes in her brief that the findings do not constitute abuse and neglect as defined in § 210.110, RSMo 1994, but argues that the findings are useful to indicate the circuit court's "views, thoughts, and conclusions." We decline to make this assumption.

Therefore, we reverse the circuit court's judgment and remand the case for the circuit court to apply the proper legal standard.

PATRICIA A. BRECKENRIDGE, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.